UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

IN RE: William Anthony Gerregano
        Amy R. Gerregano

CASE NO. 10-26280
CHAPTER 7

## REAFFIRMATION AGREEMENT

__X__ Part A: Disclosure Statement

__X__ Part B: Reaffirmation Agreement

__X__ Part C: Certification of Debtor's Attorney (page 5)

__X__ Part D: Debtor's Statement in Support of Reaffirmation Agreement (page 6)

_____ Part E: Motion for Court Approval (Page 7)

_____ Proposed Order Approving Reaffirmation Agreement (page 8)

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR(S)

**1. Disclosure Statement**

DATE OF DISCLOSURE STATEMENT: **July 13, 2010**

**BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:**

SUMMARY OF REAFFIRMATION AGREEMENT. This Summary is made pursuant to the requirements of the Bankruptcy Code.

| AMOUNT REAFFIRMED | ANNUAL PERCENTAGE RATE: |
|---|---|
| $11,349.77<br><br>This is the amount of the debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts, which may come due after the date of this disclosure statement. Consult your credit agreement.<br><br>The "AMOUNT REAFFIRMED" disclosed above includes the following fees and costs:<br><br>Attorney Fees:$N/A<br>Costs: $N/A | 7.90% |

**Notice of Security Interest:** A Security interest or lien in goods or property is asserted over the debt that you are reaffirming. Creditor has a security interest in the motor vehicle described below:
**2007 Ford Taurus, VIN 1FAFP53U47A117091 6 Original Purchase Price: $19,275.33**

Account No: 42326657                                                                    Page 1

# REPAYMENT SCHEDULE

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When payments are due |
|---|---|---|
| 1 | $25.00 | On or before Aug., 1, 2010 |
| 37 | $338.11 | Monthly beginning Aug. 1, 2010 |

**Simple Interest Contract Disclosure**: Your credit agreement is a simple interest contract. Please review your credit agreement for an explanation on how early or late payments effect the amount of interest due on your credit agreement.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR(S)

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with an attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the Judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a security agreement you and your creditor agree on).
2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.
3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.
4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.
5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.
6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation becomes effective upon the filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.
7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in Bankruptcy court

Account No: 42326657                                                              Page 2

where the Judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RECIND (CANCEL) YOUR REAFFIRMATION AGREEMENT.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the sixty (60) day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (cancelled).

**Frequently Asked Questions:**

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THIS DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. This means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

Account No: 42326657                                                             Page 3

## PART B: REAFFIRMATION AGREEMENT

I/We (hereinafter "I" shall refer to Debtor and co-Debtor) agree to reaffirm the debts arising under the credit agreement described below:
**BRIEF DESCRIPTION OF CREDIT AGREEMENT:**

Retail Installment Contract Date:     **April 17, 2007**          **Account: 42326657**

Motor Vehicle **2007 Ford Taurus, VIN 1FAFP53U47A117091**

I agree to be bound by all the terms and conditions of the credit agreement, which is hereby incorporated by reference. I agree to the "ANNUAL PERCENTAGE RATE" disclosed in Part A: DISCLOSURE STATEMENT. I agree to pay the "AMOUNT REAFFIRMED" disclosed in PART A: DISCLOSURE STATEMENT. I agree to make monthly payments described in the REPAYMENT SCHEDULE disclosed in PART A: DISCLOSURE STATEMENT each month until the debt has been satisfied. If the Creditor has agreed to any changes to the credit agreement as part of this reaffirmation agreement, such changes are listed below:

**Description of any changes to the credit agreement made as part of this reaffirmation agreement:**

After the reaffirmation agreement is filed with the Court, the rescission period has run, and if required, the agreement is approved by the Court, Creditor will process a <u>n/a</u> month extension on the account in the amount of $<u>n/a</u>. I agree to sign any documents required by the Creditor to process the extension and to cooperate fully with the Creditor in processing the extension.

DEBTOR AGREES TO MAIL TO CREDITOR ANY NOTICE OF RECISSION TO THE CREDITOR AT THE FOLLOWING ADDRESS:
**MARR & MALONE, ATTORNEYS
2850 BARTLETT ROAD
BARTLETT, TN 38134**

SIGNATURE(S):
Borrower (Debtor):                                        Co-Borrower (Co-Debtor), if also reaffirming this debt
**WILLIAM ANTHONY GERREGANO**

(Signature)                                               (Signature)
Date: 8/23/10                                             Date:

ACCEPTED BY CREDITOR:

FORD MOTOR CREDIT COMPANY by: Tracey P. Malone
(Printed name)

                    Attorney for FMCC
(Signature)
Date of Creditor Acceptance: 8/24/10

Account No: 42326657                                                                    Page 4

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY

I hereby certify that:

1) this Agreement represents a fully informed and voluntary agreement by the Debtor,
2) this Agreement does not impose an undue hardship on the Debtor or any dependent of the Debtor; and
3) I have fully advised the Debtor of the general legal effects and consequences of this Agreement and any default under this Agreement.

[X] A presumption of undue hardship has been established with respect to this Agreement. In my opinion, however, the Debtor is able to make the required payments under the Reaffirmation Agreement.

Signature of Debtor's Attorney: _____

Date: 8-23-10

IVAN D. HARRIS, JR.
ATTORNEY FOR DEBTOR
352 POPLAR VIEW LANE EAST
COLLIERVILLE, TN 38017
(901) 853-5055

Account No: 42326657    Page 5

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

I believe this Reaffirmation Agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $2,780.24_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 5,290.18_____, leaving $0_____ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and my dependents and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the Court how I can afford to make payments here:

__Reduced debt as a result of bankruptcy and adjusted monthly living expenses will enable debtor to make payments.__

2.  Rule 4008 Comparison of Net Monthly Income and Current Monthly Expenses as listed in this Reaffirmation Agreement with Net Monthly Income and Current Monthly Expenses as stated in Schedules I and J:

The total net monthly income (take home pay plus any other income received) as stated on my Schedule I is $ 2,780.24_____, and the total monthly expenses as listed on Schedule J is $5,290.18

These amounts are (check one):

☒   the same as the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. §524(k), or

☐   different from the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. §524(k). If different, the Debtor(s) must include an explanation of any difference here:

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed Reaffirmation Agreement.

SIGNATURE(S):
Borrower (Debtor):                                          Co-Borrower (Co-Debtor), if also reaffirming this debt
**WILLIAM ANTHONY GERREGANO**

_(signature)_                                               _____
(Signature)                                                  (Signature)
Date:  8/23/10                                               Date:_____

Account No: 42326657                                                                  Page 6